914 F.2d 1490
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Keith L. ARTHUR, Plaintiff-Appellant,
v.
UNITED NATIONAL BANK, successor to Heritage National Bank, a
national banking association, Defendant-Appellee,
and
Federal Deposit Insurance Corporation, as Receiver for Metro
Bank of Huntington, Inc., Defendant.
 No. 89-1078.
 United States Court of Appeals, Fourth Circuit.
 Argued May 8, 1990.
Decided Oct. 2, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CA-88-239-3)
 William D. Levine, St. Clair and Levine, Huntington, W.Va., (argued) for appellant; James W. St. Clair, St. Clair and Levine, Huntington, W.Va., on brief.
 Beverly Anne Uhl, Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, W.Va., (argued), for appellees; John E. Jenkins, Jr., Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, W.Va., Edward M. Kowal, Jr., Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, W.Va., on brief.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, DONALD RUSSELL, Circuit Judge, and BULLOCK, United States District Judge for the Middle District of North Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 In this diversity action, Keith Arthur appeals a ruling by the district court granting defendants'--United National Bank ("UNB") and the Federal Deposit Insurance Corporation ("FDIC")--motion for summary judgment on the issue of the amount of monthly rent owed to him under the terms of a West Virginia state court order ("order"). We affirm.
 
 
 2
 Arthur owns a two-story building in Huntington, West Virginia, which has been leased to several banks under the terms of a 1965 lease agreement. On September 12, 1980, the tenant of the property, Metro Bank, became insolvent. The FDIC was appointed as the receiver of Metro Bank's assets, and the next day a charter was issued to Heritage Bank, the predecessor in interest of UNB. Heritage Bank began using the building immediately. During this period, Arthur tried to renegotiate the lease, arguing that the insolvency of Metro Bank caused a forfeiture of the 1965 lease agreement. A dispute ensued over the amount of monthly rent due. Heritage Bank filed a declaratory judgment action in West Virginia state court. Arthur counterclaimed for increased monthly rent. On October 7, 1983, the West Virginia state court entered an order holding that the 1965 lease was to remain in full force and effect and dismissed Arthur's counterclaim. The order went on to specify that any of the parties could, within ten days, invoke the rent readjustment clause of the 1965 lease agreement and renegotiate a satisfactory monthly rent.
 
 
 3
 Arthur claims that between November 1, 1980, and December 31, 1985, he was entitled to $3,000 monthly rent. The FDIC and UNB paid only $1,000 monthly rent over this period pursuant to the 1965 lease agreement. Arthur filed suit in district court against the FDIC and UNB to collect the balance. On October 10, 1989, the district court granted defendants' motion for summary judgment on the question of the amount of monthly rent owed Arthur during the disputed period. Arthur appeals this ruling, arguing that the district court erred by incorrectly interpreting the order of the West Virginia state court concerning the amount of monthly rent due and by incorrectly deciding that the rent readjustment clause of the 1965 lease agreement had not been invoked in timely fashion.
 
 
 4
 A party is entitled to summary judgment when the record shows "that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). To survive summary judgment, a nonmoving party cannot "rest on his allegations ... without 'any significant probative evidence tending to support the complaint.' " Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 290 (1968)).
 
 
 5
 There is no question that the order of the West Virginia state court decided the issue of how much monthly rent should be paid to Arthur. That issue cannot be relitigated under the doctrines of res judicata and collateral estoppel. Instead, this dispute centers around whether the district court correctly interpreted the order. Arthur argues that the order specified $3,000 as the monthly rent to be paid to him, not $1,000. There is no merit to this position. First, the order's language compels the conclusion that $1,000 was the amount of monthly rent owed to Arthur subject to the rent readjustment clause. The term "lease" in the order refers to the 1965 lease agreement as amended. The last rent figure mentioned in the lease was $1,000. The order provides that the same amended lease shall remain in effect. Arthur makes much of the fact that at a hearing held on December 9, 1982, the state judge indicated $3,000 rather than $1,000 was the monthly rent figure. However, the order, which never even mentions a $3,000 monthly rent figure, constitutes the decision of the state court, not what the judge said at a hearing ten months earlier. Second, Arthur counterclaimed in the state court action for $3,000 monthly rent for the months of November and December 1980. The fact that the order dismissed Arthur's counterclaim with prejudice clearly indicates Arthur is not entitled to $3,000 monthly rent.
 
 
 6
 The West Virginia state court gave the parties ten days from entry of the order to request a rent readjustment. Arthur argues that he invoked the rent readjustment clause in timely fashion. However, there is no evidence in the record that Arthur ever made any written or oral request for rent readjustment during the ten-day period specified by the order. Therefore, the district court properly held that the order barred Arthur from invoking the rent readjustment clause. Arthur claims that requests were made both prior to and after the ten-day period. These requests were not timely under the specific terms of the order and do not affect this court's decision.
 
 
 7
 AFFIRMED.